UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 1:94-CR-14 |
| | ) | (VARLAN) |
| NORMAN FREEMAN, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for a sentence reduction, citing 18 U.S.C. § 3582(c) and Amendment 750 to the United States Sentencing Guidelines (the "Guidelines"), which reduces the base offense level for most offenses involving crack cocaine [Doc. 179] as well as the defendant's *pro se* motion seeking a sentencing reduction in light of his participation in a drug treatment program [Doc. 178]. The United States filed a response [Doc. 180], opposing the requests.

**I.     Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of

> imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S. Sentencing Guidelines Manual § 1B1.10, which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

> (a) Authority.--
>
> (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> . . . .
>
> (b) Determination of Reduction in Term of Imprisonment–
>
> (1) In General.--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time

2

the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction.--

(A) Limitation.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B) Exception for Substantial Assistance.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

(C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c) Covered Amendments.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, and 750 (parts A and C only).

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2011). In addition, the application notes to section 1B1.10 provide that, in considering a reduction in a defendant's term of imprisonment, a court must consider the § 3553 factors and the danger to the public

3

created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (2010) (hereinafter, the "FSA"), altered the statutory penalties for offenses involving cocaine base ("crack cocaine") and directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332–35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine. Because Amendment 750 may now be applied retroactively, *see* U.S. Sentencing Guidelines Manual § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, then the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**II.     Analysis**

Pursuant to § 3582(c)(2) and Amendment 750, the defendant requests that the Court reduce his sentence. Under § 3582(c)(2), a reduction in sentence may be appropriate "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Guidelines have clarified that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A)(ii).

In the present case, following a jury trial, the defendant was convicted of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) [Doc. 136]. In calculating the applicable Guidelines range, using the 1994 version of the Guidelines, the probation officer found that the defendant was responsible for 78.62 grams of crack cocaine, yielding a base offense level of 32 [Presentence Report ("PSR") ¶¶ 24–26]. Because of his prior drug-trafficking convictions, however, the defendant was classified as a career offender in accordance with U.S.S.G. § 4B1.1, with a corresponding offense level of 34 [*Id.* ¶¶ 36, 40, 47]. The probation officer determined that the defendant had a total of 12 criminal history points, resulting in a criminal history category of V [*Id.* ¶ 52]. Because of the defendant's

career-offender status, however, his criminal history category was enhanced to VI [*Id*.]. The corresponding Guidelines range for the defendant's offenses was 262 to 327 months' imprisonment [*Id*. ¶ 71]. On July 30, 1996, the Court found that the defendant was, in fact, a career offender and sentenced him to 270 months' imprisonment, within and near the bottom of the Guidelines range [Doc. 136]. According to the Bureau of Prisons, the defendant is presently scheduled for release on October 29, 2013 [Doc. 180].

Applying Amendment 750 to the defendant's case, the defendant's Chapter Two offense level is reduced, but the career offender provisions of Chapter Four remain unchanged. This is because in calculating the applicable Guidelines range, § 1B1.1 requires the Court to proceed sequentially through the Guidelines. Thus, according to § 4B1.1(b), "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [as a career offender] shall apply." U.S.S.G. § 4B1.1(b). In addition, § 1B1.10(b)(1) provides that "the court shall substitute only amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). It follows that were the defendant sentenced today, his initial Guidelines range based on his career offender classification would still be 262 to 327 months' imprisonment. Because Amendment 750 does not lower the defendant's applicable Guidelines range, § 3582(c) provides no basis for relief. U.S.S.G. § 1B1.10 cmt. n.1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized . . . [where] an amendment does not have the effect of lowering the defendant's applicable guideline range

because of the operation of another guideline."). Indeed, this Court lacks jurisdiction to modify the defendant's sentence. *See United States v. Williams*, 607 F.3d 1123, 1125–26 (6th Cir. 2010); *United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010); *United States v. Gillis*, 592 F.3d 696, 699–700 (6th Cir. 2009); *United States v. Perdue*, 572 F.3d 288, 292–93 (6th Cir. 2009). The defendant's motion [Doc. 179] will be denied.

The defendant's motion seeking a sentencing reduction in light of his participation in a drug treatment program [Doc. 178] also will be denied as the defendant does not identify any basis upon which the Court may grant such motion.

## III.    Conclusion

Accordingly, defendant's *pro se* motion for a sentence reduction, citing 18 U.S.C. § 3582(c) and Amendment 750 to the Guidelines [Doc. 179] as well as the defendant's *pro se* motion seeking a sentencing reduction in light of his participation in a drug treatment program [Doc. 178] are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE